ALBANY,
Nov. 1830.
The People
v.
Monroe C. P.

THE PEOPLE, on the relation of J. Houston, *vs.* MON-
ROE C. P.

Where a suit is commenced by the filing and service of a declaration, such
declaration may be amended as of course, the same as if filed after process.

MOTION for a mandamus.  A suit was commenced against Nov. 18th.
the relator in the Monroe common pleas by the *filing* and ser-
vice of a declaration pursuant to the revised statutes.  The de-
fendant demurred to the declaration, and the plaintiffs in the
suit entered a rule to amend, amended their declaration, and
served a copy of the same on the defendant.  The amendment
was made under a rule of that court, similar to the rule of this
court allowing an amendment of course, and without costs, at
any time before the default for not joining in demurrer is en-
tered, where there is a demurrer to the declaration.  The re-
lator moved the common pleas to vacate the rule to amend,
and to set aside the amended declaration; which motion was
refused by the common pleas.  The relator asked for a man-
damus to correct the supposed error of the common pleas, on
the ground that a declaration thus filed, being in the nature
of process, was not amendable.

*S. B. Jewett,* for the relator.

*By the Court,* SAVAGE, Ch. J.  The rule of this court al-
lowing amendments as of course is general, making no dis-
tinction between a declaration filed after process and a dec-
laration filed pursuant to the statute.  Although the latter is
the commencement of the suit, and thus in the nature of pro-
cess, it is not process.  It was suggested, when the motion
was heard, that an undue advantage might be taken of a de-
fendant if a plaintiff who had proceeded under the statute
was permitted to amend his declaration; for being served with
a declaration in which the cause of action was truly alleged,
a defendant might suffer a default, and the plaintiff might ob-
tain a recovery for a different cause of action then that de-

ALBANY,
Nov. 1830.

scribed in the declaration served on the defendant. This could not be done without apprizing the defendant, for the rule provides for amendments of declarations only *after* plea or demurrer; and if there is an appearance, a copy of the amended declaration must be served. However, if inconvenience or injustice should grow out of the practice, it can readily be remedied. The rule of the common pleas being similar to the rule of this court, the court decided correctly in denying the motion.

Mandamus denied.